In the Matter of Proving the Last Will and Testament of CORNELIA A. SNEDIKER, Deceased. MARTHA E. ROBERTS, Also Known as MARTHA SNEDIKER ROBERTS, Individually and as Executrix of the Last Will and Testament Dated October 6, 1937, of CORNELIA A. SNEDIKER, Deceased, Appellant; ANNA M. FITZSIMMONS and JEAN F. SCOFIELD, Respondents.— Decree of the Surrogate's Court of Queens County, setting aside the verdict of a jury, dismissing objections filed by appellant to the paper executed in March, 1938, purporting to be the will of the testatrix, admitting it to probate, revoking letters testamentary issued to appellant under a former will dated October 6, 1937, and directing the issuance of letters testamentary

to appellant under the paper dated March, 1938, reversed on the law and the facts, and a new trial granted, with costs to appellant, payable out of the estate. In our opinion the findings of the jury in answer to questions No. 4 and No. 5, that the paper executed in March, 1938, was not the free and voluntary act of the deceased and that at the time of its execution the deceased was not free from restraint, are supported by the evidence. The answer to question No. 6, to the effect that the paper was not procured by fraud, duress or undue influence, is inconsistent with the answers to Nos. 4 and 5, and for that reason we may not reinstate the verdict but are compelled to grant a new trial. Carswell, Johnston and Taylor, JJ., concur; Lazansky, P. J., and Adel, J., concur as to reversal of the decree but dissent as to granting a new trial and vote to reinstate the verdict of the jury, with the following memorandum: The findings are not inconsistent. It seems that in answering the specific questions it was the conclusion of the jury that by reason of the fact that the testatrix was not of " sound mind, memory and understanding " the execution of the will was not the decedent's " free, unconstrained and voluntary act." Therefore, it does not follow that the execution was procured by " fraud, duress or undue influence."